IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LUIS OSCAR VALLE-ZACHEUS

Petitioner

vs

CIVIL 05-2247CCC

EDGARDO RIVERA-COLOMBA
and The ATTORNEY GENERAL OF THE
COMMONWEALTH OF PUERTO RICO

Respondents

## OPINION AND ORDER

This petition for habeas corpus pursuant to U.S.C. §2254 is now before us on the Department of Justice of the Commonwealth of Puerto Rico's Motion to Dismiss Pursuant [to] Rule 12 (b)(6) of the Federal Rules of Civil Procedure and the Eleventh Amendment of the United States Constitution filed June 21, 2006 (**docket entry 7**). The motion remains unopposed.

The federal habeas corpus statute is straightforward in that the proper respondent to a habeas corpus petition is the person having custody over the petitioner. See, 28 U.S.C. §§2242-2243.

The respondents in this case are Edgardo Rivera-Colomba, the warden of the facility where petitioner is incarcerated and the Attorney General of Puerto Rico[1] are the "persons" who have custody of petitioner Luis Valle-Zaccheus. The state is not a proper respondent not

---

[1] The Motion to Proceed in Forma Pauperis lists the Commonwealth of Puerto Rico, Department of Justice as the only defendant. the printed form used for §2254 petitions, has a space for the primary respondent–the person having physical custody over petitioner. There is also a space for the name of the Attorney General of the state as a second respondent. The Summons was issued, however, in the Commonwealth's name inasmuch as it was the first entry and the docket was opened with that name. The Supreme Court of the United States however, has not ruled whether the Attorney General for the state is a proper respondent to a habeas petition. Padilla, supra, at 438, fn 8 and the circuits are split on this issue, with the Court of Appeals for the First Circuit taking the position that the Attorney General is not a proper respondent. Id., citing Vásquez v. Reno, 233 F.3d. 988 (1st Cir. 2000).

CIVIL 05-2247CCC                                              2

only because of its Eleventh Amendment sovereign immunity from suit in federal court, but because, as a practical consideration, designating the "state" does not identify an official with the actual authority to release the prisoner, and the designation could create confusion with respect to service and notice generally.  Bridges v. Chambers, 425 F.3d.. 1048, 1049 (7th Cir. 2005).

The consistent use of the definite article "the" in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.  Rumsfield v. Padilla, 542 U.S. 426, 434 (2004).  The custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court.  Id., at 34-35.

For the above-stated reasons, the Motion to Dismiss (**docket entry 7**) is GRANTED. Partial Judgment will enter accordingly.  Only the Warden, Edgardo Rivera-Colomba, remains as the respondent.

SO ORDERED.

At San Juan, Puerto Rico, on March 13, 2007.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge